### PROCEEDINGS FOR REDEMPTION OF REAL ESTATE.

Court of Appeals for Wood County.

JESSIE M. SHANK v. DARWIN B. BEERS ET AL.

Decided, February 5, 1914.

*Appeal—Right of, in an Action to Redeem Property Sold Under Foreclosure—Nature of Such an Action.*

Where the primary relief sought is the setting aside of a decree and the cancellation of conveyances, and as an incident thereof, the recovery of real estate, the action is one which is appealable.

*A. G. Fuller,* for plaintiff.
*Kelly & Hill,* contra.

RICHARDS, J.

Heard on motion to dismiss appeal.

The action was brought in the court of common pleas for the purpose of procuring the cancellation of a mortgage and redeeming certain real estate which had been sold under foreclosure proceedings in the Common Pleas Court of Wood County. The trial in that court resulted in a finding and decree in favor of the defendants, from which the plaintiff appealed to this court.

It appears from the pleadings in the case that the plaintiff and her husband executed to Darwin B. Beers, in the year 1895, a note in the sum of nine hundred dollars, payable five years after date, with interest, and that to secure the same they executed a mortgage on the real estate in controversy in this action. It appears that Beers brought an action in foreclosure, and that in the case such proceedings were had that a decree was entered in his favor, and thereafter the property was sold and a deed executed by the sheriff to the purchaser, and that from this purchaser, by sundry mesne conveyances, the legal title has

passed to and is now vested in the defendant, Libbie Henning, who is in possession of the premises.

In the petition in the present action Darwin B. Beers is named as a defendant, and a personal judgment is asked against him for the amount which the rents and profits exceed the amount which would be due on the promissory note already mentioned; but no summons was served on Beers, although repeated attempts were made to procure service, and he did not enter his appearance in the action, and no order or judgment was made in the common pleas court against him. So far as the other defendants are concerned, the plaintiff asks in her petition that the decree, and all conveyances and mortgages under which the defendants hold possession may be adjudged to be of no effect as against plaintiff's title, and that she may be restored to possession and enjoyment of the premises and her title quieted, and for such further relief as she may be entitled to in the matter.

We think the action is clearly one in which the plaintiff, on being defeated in the common pleas court, is entitled to appeal to this court. It is said in argument that the action is one for the recovery of real estate, or ejectment, and in which the parties would be entitled to a trial by jury, but to that argument we can not accede. The primary relief sought is to set aside the orders and decrees of the trial court in the original foreclosure action and the subsequent conveyances of the real estate based on such judgment and order of sale in that case.

Of course, if the plaintiff should prevail, it would probably result in her recovering the real estate, but that would be only an incident to the main relief sought. Clearly an action to recover real estate, or, as it was called under the old law, ejectment, would not lie, for such an action could not be maintained until the plaintiff had gotten rid of the muniments of title now held by the defendant, Libbie Henning.

The case is quite similar to the one under consideration by the Supreme Court in *Pierce, Assignee,* v. *Stewart,* 61 O. S., 422. I quote from the opinion of the court on page 424:

"Before any money judgment can be rendered, the court must examine and weigh the equities of the case, and exercise

its sound judicial discretion. * * * The equitable consider-
ations and exercise of sound judicial discretion are the body and
substance of such action, and a judgment for money or other
relief in any particular case, is only an incident flowing from
the determination of the body of the case.''

I quote also from *Willson Improvement Co.* v. *Malone*, 78
O. S., 240:

''It does not, however, extend the right of trial by jury to
cases calling for any form of relief peculiar to courts of equity.
When the action is for the recovery of money, and no equitable
relief is sought, it is an action for money only.''

In Jones on Mortgages, Volume 2, Section 1093, the true rule
applicable to such cases is very well stated in the following lan-
guage:

''The only remedy of the mortgagor for enforcing his right to
redeem, after a breach of the condition, is by a bill in equity.
If the mortgagee is in possession he has the right to retain the
possession until his claim upon the property is paid. So long
as the mortgage is in fact not discharged, and is apparently a
subsisting security, the mortgagor can not obtain possession by
ejectment. The rule is the same, although the mortgagor claims
that the debt has been paid in full. So long as the mortgage
is apparently unsatisfied, and the mortgagee claims any inter-
est under it, the mortgagor must resort to a suit in equity to
redeem; and although he may allege that the mortgage has been
paid or was given for the accommodation of the mortgagee, and
may pray that a decree be entered that it be discharged, yet he
should at the same time pray that he be allowed to redeem,
and should offer to do so, if anything be found due upon the
mortgage.''

We think, therefore, that the motion to dismiss the appeal
should be overruled, and such will be the order.

KINKADE, J., and CHITTENDEN, J., concur.